**MODERN INDUSTRIES, INC., Appellant,**

v.

**VANITY FAIR MILLS, INC., Appellee.**

No. 22398.

United States Court of Appeals
Fifth Circuit.

June 16, 1966.

Irvin J. Langford, M. A. Marsal, Mobile, Ala., for appellant, Howell, Johnston & Langford, Seale, Marsal, Seale & Duke, Mobile, Ala., of counsel.

John Grow, Mobile, Ala., by Marshall J. DeMouy, Mobile, Ala., for appellee Armbrecht, Jackson & DeMouy, Mobile, Ala., Adams, Gilmore & Adams, Grove Hill, Ala., of counsel.

Before JONES and GEWIN, Circuit Judges, and HUNTER, District Judge.

JONES, Circuit Judge.

Modern Industries, Inc., brought an action in the Mobile County, Alabama, Circuit Court against Vanity Fair Mills, Inc., with a declaration in two counts, one of which was for work and labor[1] and the other upon account.[2] A jury trial was demanded. Vanity Fair Mills removed the cause to the United States District Court. It answered that it was not guilty, and that the allegations of each count were untrue. There was no repleading after removal. See Rule 81 (c) Fed.Rules Civ.Proc. 28 U.S.C.A.

The defendant, Vanity Fair Mills, which will be sometimes referred to as the Corporation, filed a motion for summary judgment. In support of the motion the Corporation submitted an affidavit of Ward M. Ostberg, a vice president of the Corporation. Ostberg stated that a foundation, designated as Vanity Fair Mills Foundation-Monroe, had been created under an agreement, recorded in Monroe County, Alabama, for the purpose

---

1. The Plaintiff claims of the defendant the sum of Twenty two thousand five hundred ninety nine dollars and 74/100 ($22,-599.74) for work and labor performed for the defendant at the Defendant's request on, to-wit October 21, 1963, which sum of money with interest thereon is still unpaid.

2. The Plaintiff claims of the Defendant the sum of Twenty two thousand five hundred ninety nine dollars and 74/100 ($22,599.74) due from the Defendant by account between the Defendant and the Plaintiff on, to-wit the 21st day of October, 1963, which sum of money with interest thereon is still due and unpaid.

of maintaining or contributing to charitable, educational and medical facilities or opportunities for the residents and inhabitants of Monroe and Clark Counties in Alabama, and neighboring counties. At Monroeville the Foundation owned a tract of about a hundred acres on which were located a lake for boating, swimming and fishing, tennis courts, picnic areas, and a golf course. The affiant, Ostberg, is an assistant treasurer of the Foundation. In 1963, the trustees of the Foundation employed an engineer to make a basic design and layout of a swimming pool to be constructed on its property. The plans bore the legend, "Vanity Fair Foundation Park-Monroe, Swimming Pool, Monroeville, Alabama." The engineer suggested two firms in the field of swimming pool construction, one of which was Modern Industries. The Foundation commenced the work with labor which it employed. In August, 1963, there was a meeting of Ostberg and Don Cox, a salaried employee of the Corporation, with Leo Dekle, president of Modern Industries, and the progress of the construction was discussed. Dekle was given a set of the plans. Some work was done by Modern Industries personnel on the swimming pool for which payment was made by a check of the Foundation to Leo Rodgers for $396.80.

It further appears from the recitals in the Ostberg affidavit that Cox talked with Dekle by telephone on September 3, September 11, and September 23, 1963, and Modern Industries "was retained by the Foundation" to perform work in the construction of the swimming pool. The work was completed by Modern Industries. It submitted a bill to "Vanity Fair" on October 21, 1963, for $231 which was paid·by a check of the Foundation on October 28, 1963. Modern Industries submitted another invoice, made out in the name of "Vanity Fair Mills" on October 21, 1963, the same date as the other, for $22,599.74. The Ostberg affidavit is concluded with the following paragraph:

"All work performed in the construction of the pool was done under the au-

thorization and direction of the Trustees and for the benefit of the Foundation and all conversations with representatives of Plaintiff by Affiant and Cox were made on behalf of the Trustees of the Foundation. The swimming pool was constructed on property belonging to the Foundation and the swimming pool belongs to the Foundation. At no time were any representations made to Plaintiff or any of its representatives by Affiant or any other persons with whom Plaintiff was dealing in the matter of the construction of the swimming pool that such construction and any costs or expenses in connection therewith would be paid by, or were made for the account of, any person or legal entity other than the Foundation. The obligation for the payment of any and all costs or expenses incurred in connection with the construction of the pool was at all times the Foundation's, and the Defendant, at no time, agreed, or in any way represented, that it would be in any way responsible for the construction of the swimming pool or for the payment of any costs or expenses incurred in connection therewith."

Leo Dekle, President of Modern Industries, made an affidavit which was filed in the cause in opposition to the motion of the Corporation for a summary judgment. It was said:

"That your affiant personally, on behalf of Modern Industries, Inc., contracted with Vanity Fair Mills, Inc., a corporation, Defendant, to perform the work which is the foundation of this law suit. That at no time during the contract negotiations was it disclosed by the Defendant, Vanity Fair Mills, Inc., that it was acting for anyone other than Vanity Fair Mills, Inc. That the contract which is the foundation of this suit was made in the offices of Vanity Fair Mills, Inc. and with the Vice-President of Vanity Fair Mills, Inc., Monroe County Operations. That Plaintiff relied upon the credit of Vanity Fair Mills, Inc., in entering into said contract."

Dekle, by his affidavit, also stated that the work performed had a value of $22,-

599.74. Ostberg filed a further affidavit in which he set forth that the only purchasing officer of the Corporation was Kemp White whose office was in New York City and it had no purchasing agent in Alabama. He identified Cox as a maintenance engineer employed by the Corporation. It was stated that the Foundation had no paid employees and most of its activities were directed by Ostberg, the assistant secretary of the Foundation, subject to the direction and control of the trustees of the Foundation. This supplemental affidavit wound up with a statement that:

"The agreement to perform this work was made orally by telephone by and between Leo Dekle in Mobile, Alabama, on behalf of the plaintiff, and Don Cox in Monroeville, Alabama, on behalf of the Foundation."

A summary judgment was entered for the Corporation, from which Modern Industries has taken this appeal. Each of the parties urge that the affidavits submitted on behalf of the other contain hearsay, conclusions both of fact and law and are wholly inadequate. The argument of Modern Industries assumes that the contract was made by the agents of the Corporation and that it is liable under the agreement which the agents have made. It theorizes that although the Corporation may have had some arrangements with the Foundation, the Corporation's liability is not affected. In its brief Modern Industries says:

"Appellant, therefore, believes that upon the trial of this cause it can prove that the Defendant Appellee had a direct interest in the construction of the swimming pool by its own Foundation. Appellant also expects that the evidence will show that in fact all the funds of the so-called Foundation are and were derived from the Defendant Appellee. Appellant further expects the facts to show that from 1945 to the present time the Defendant Appellee has donated millions of dollars to this or similar of its Foundations around the country. In fact, Plaintiff Appellant expects the evidence to show that without such donations by the Defendant Appellee, there would in fact be no Foundation."

The proof of all of the foregoing would not aid the claim of Modern Industries. It has sued the Corporation on a contractual obligation and it must show that it contracted with the Corporation. Giving credence to all of the affidavits it can be inferred that those who acted on behalf of Modern Industries believed they were bargaining with agents of the Corporation, while those with whom they bargained intended to represent and act for the Foundation. For the purposes of this appeal from a summary judgment it must be assumed that those who represented the Foundation were also agents of the Corporation. It appears that there was a mistake of each of the parties; not a mutual mistake because Modern Industries mistakenly believed it was dealing with the Corporation, while those who represented the Foundation mistakenly assumed that Modern Industries intended to deal with it. In corroboration of the Foundation's position, it may be noted that the plans and specifications indicated that the pool was to be constructed for the Foundation. The land on which the pool was to be constructed was owned by the Foundation. The instrument creating the Foundation was of record in the County where the pool was to be constructed. For Modern Industries no more can be said than that those with whom it had its dealings were on the Corporation payroll and that the preliminary discussions took place in the office of the Corporation.

There can be a recovery by Modern Industries against the Corporation only by a showing of an undertaking by it, or of facts which would estop it from denying liability. It is not shown that the Corporation intended to make any agreement with Modern Industries. It is clear that it was not a party to the agreement, and did not obligate itself for payment. The summary judgment must be affirmed.

While not before us, it may not be inappropriate to suggest that, while the

Foundation may not be liable upon an express agreement since Modern Industries did not intend to contract with it, liability might be predicated upon the doctrine of quantum meruit.

The judgment of the district court is affirmed.